982). (Appeal from Judgment of Supreme Court, Onondaga County, McCarthy, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.

■ MASI MANAGEMENT, INC., Appellant, v TOWN OF OGDEN et al., Respondents. (Appeal No. 1.) [710 NYS2d 289] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.

■ MASI MANAGEMENT, INC., Appellant, v TOWN OF OGDEN et al., Respondents. (Appeal No. 2.) [710 NYS2d 294] —Appeal unanimously dismissed without costs (see, CPLR 5501 [a] [1]). (Appeal from Amended Order of Supreme Court, Monroe County, Fisher, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.

■ MASI MANAGEMENT, INC., Appellant, v TOWN OF OGDEN et al., Respondents. (Appeal No. 3.) [709 NYS2d 734] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). Plaintiff was the contract-vendee of a 52-acre parcel in defendant Town of Ogden (Town), which was classified as two-family residential (R-2). At the urging of members of defendant Planning Board of Town of Ogden (Planning Board), plaintiff revised its plan to develop the parcel as a multi-use project by replacing rental duplex units with patio homes. Plaintiff submitted an application to rezone the parcel to permit single family homes, patio homes, an apartment complex and a retail/office building. Shortly thereafter, a local competing developer submitted an application to rezone a 50-acre parcel from an R-2 classification to a senior citizen housing district classification; the developer's plan included single family patio homes, both to rent and to own, and three apartment buildings. Plaintiff, in an effort to expedite the approval process, modified its application by substituting duplex units for patio homes, thereby complying with the existing R-2 classification for a portion of the subdivision plan. Plaintiff's application was denied with prejudice. Moreover, the Town Board, whose members plaintiff has sued, eliminated all R-2 classifications within the Town with the exception of two: a parcel owned by a Planning Board member and another parcel owned by the competing developer. Approximately two weeks later, the Town Board adopted a local law classifying the parcel owned by the competing developer as a senior citizen housing district.